STATE OF NORTH CAROLINA v. NATHAN GLENN COGDELL

No. 741SC470

(Filed 3 July 1974)

Criminal Law § 117— prior convictions of defendant — instructions improper

   Where defendant testified but did not otherwise put his character in issue, the trial court erred in instructing the jury that they should consider defendant's prior convictions which defendant admitted as substantive evidence of his guilt.

ON *certiorari* to review the Order of *Martin, (Perry)*, Judge, entered at the 5 November 1973 Session of Superior Court held in PASQUOTANK County.

Defendant was indicted for armed robbery.

The State's evidence tended to show the following. On the morning of 31 March 1973, W. J. Alexander, proprietor of Alexander's Grocery in Elizabeth City, was in the store alone when defendant came in and, pointing a gun at Alexander, demanded money. Defendant pushed Alexander to the floor and removed $50.00 or more from the cash register.

In addition to denying he perpetrated the robbery, defendant stated that he had never been in Alexander's Grocery and testified that he was with friends on the Elizabeth City State University campus when the robbery allegedly occurred. Several witnesses gave testimony tending to corroborate defendant's alibi claim.

Upon a verdict of guilty of common law robbery, defendant was sentenced to a prison term of eight to ten years.

   *Attorney General Robert Morgan by William A. Raney, Jr., Associate Attorney, for the State.*

   *John H. Harmon for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward only one assignment of error and that is to the following portion of the Judge's charge:

   "The State, by virtue of cross-examination of the defendant, has brought into the record some evidence of the

defendant's prior violation of the law, these questions also having been asked by counsel for the defendant. This, also, is substantive evidence, ladies and gentlemen, of guilt or innocence, but the jury in this case is cautioned that you cannot convict the defendant simply because you believe that he has previously violated some law, or that by virtue of that he may have bad reputation or character."

On direct examination, defendant testified as follows:

"I have had one traffic ticket and I have been convicted of shoplifting in Norfolk, Virginia, my freshman year, the fall of 1969. It was one weekend, a Saturday. I went to Norfolk with some friends. We went inside a store and I got this coat and I got a clock, and something happened in the store and I went beyond the counter and a police officer grabbed me and I then panicked and started running. I was charged with shoplifting and paid a fine. I pleaded guilty to the charge and was fined $100 and placed on good behavior for one year."

On cross-examination, defendant stated:

\*     \*     \*

"I have been convicted of speeding and shoplifting in Norfolk, Va., I took a coat and a clock. I know that shoplifting is a form of stealing."

Some of the State's evidence tended to show that defendant had been involved in larcenies from Alexander's Grocery on 27 February and 27 March 1973. In an effort to refute this, defendant called a teacher at Elizabeth City State University, who testified as follows:

"I teach a course in Lab Policy. It was taught February, March, April, 1973. The defendant was a student in the class. The class met every Tuesday from 10:00 o'clock until 10:50. That class met on February 27, 1973. The defendant was present on that date. On March 27, 1973, he was also present. He passed in a paper that day; it was a report on Government regulations of business act. He passed in two papers that semester, one on March 27 and one on April 3, 1973. He was absent only one time the whole semester on April 10, 1973, and made an A— on the final exam, and was given A for the course."

---

---

On cross-examination by the State, the witness said:

"We had a spring break at the school. It started March 5 and went through March 16. Cogdell was a good student in my class. The class lasted 50 minutes."

We have set out the only evidence in the record before us which could possibly relate to the character of defendant.

If a defendant testifies but does not otherwise put his character in issue, he is subject to impeachment by evidence of bad character. In that case his character goes to credibility only and is not substantive evidence of guilt or innocence. If a defendant is a witness and also puts his character in issue, the State may produce testimony as to his bad character, and all the evidence of character, good and bad, is considered as substantive evidence of his guilt or innocence and also as bearing upon his credibility as a witness. 1 Stansbury, North Carolina Evidence, Brandis Revision, § 108.

Here the defendant testified but did not otherwise put his character in issue. His admission, on direct, of one conviction for speeding and one for shoplifting could hardly constitute an offer by him of evidence of good character. At most, it was an attempt to display candor and thus soften the blow of the reasonable certainty that the solicitor would elicit the same information on cross-examination. *But see State v. McDaniel,* 272 N.C. 556, 158 S.E. 2d 874.

Defendant called several witnesses in his defense but asked none of them questions relating to his character or reputation. The teacher who testified that defendant was in class during times relevant to the inquiry was not asked about defendant's character or reputation on direct examination. It was the solicitor who elicited the statement from him that defendant was a "good student."

We cannot say that the error in the charge was nonprejudicial. The evidence was sharply conflicting. Although the victim's identification of defendant was plausible and unequivocal, defendant did offer the testimony of at least one witness in addition to defendant's testimony which, if believed, would show that he was not present at the scene of the robbery. We cannot say that the Judge's instruction to the jury that they should consider defendant's prior convictions (which defendant admitted) as substantive evidence of his guilt, was harmless error.

New trial.

Judges PARKER and HEDRICK concur.